SAN JUAN DITCH CO. v. CASSIN et al.†

(Court of Civil Appeals of Texas. San Antonio. Nov. 15, 1911. Rehearing Denied Dec. 20, 1911.)

1. WATERS AND WATER COURSES (§ 247*)— WATER RIGHTS—ACTIONS—PETITION.

A petition which alleges that plaintiffs were the owners and in possession of land described, in the semiarid region of the state, that the lands had been supplied with water for irrigation from a ditch under an ancient grant, that defendant operated another ancient ditch under an ancient grant for the irrigation of other lands described, that the two ditches had been continuously used by the owners of the lands, who had shared in the use of the water proportionately, that defendant unjustly began to use practically all of the waters, and during a season unreasonably consumed practically all of the available water, and thereby deprived plaintiffs of their just proportion, causing damages alleged in detail, and which prays for an injunction, states a cause of action for the determination of the water rights of the parties.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 314; Dec. Dig. § 247.*]

2. WATERS AND WATER COURSES (§ 156*)— GRANTS FOR IRRIGATION—RIGHTS ACQUIRED.

The Mexican government granted, on February 5, 1824, a large number of grants of water to various grantees. On a subsequent day, it granted grants of water for other land, using the same language. Few grants were subsequently made. Each grant granted to the grantees "1 day of water with its corresponding labor of land." The original grantees of both lands used the water for irrigating their lands concurrently. Held, that the grants did not give any superior right to any of the grantees, but the grants distributed to each water rights in common.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 174–183; Dec. Dig. § 156.*]

3. WATERS AND WATER COURSES (§ 156*)— WATER RIGHTS.

Where grantees of water rights have only equal rights in the waters of a stream, each must use the water with a due regard to the rights of the other grantees.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 174–183; Dec. Dig. § 156.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by William Cassin and others against the San Juan Ditch Company. From a temporary injunctional order, defendant appeals. Affirmed.

Swearingen & Tayloe, Marcus W. Davis, and Bryan F. Williams, for appellant. Clark & Bliss, for appellees.

___

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

COBBS, J. This comes up on appeal for review of a temporary writ of injunction granted by the court, awarding 40 per cent. of the flow of the water of the San Antonio river to appellees, and 60 per cent. of said flow of water to appellant.

The petition of plaintiffs proceeds upon the theory that they were the owners and possessors of lands that had been supplied with water for domestic and irrigation purposes by the ancient ditch, known as the Acequia de la Espada, describing the origin and termination of said ditch, its course, and that appellees together owned the ditch and all the water rights that were originally granted with the lands. They were set apart by the government of Spain for the use of the inhabitants of the mission of San Francisco de la Espada, and that the ditch was originally constructed under the Spanish government for the purpose of supplying said lands with water for irrigation purposes and the occupants of the land with water for domestic purposes.

It was further alleged that the appellant corporation owns and operates an ancient ditch, known as the Acequia de San Juan, describing its origin, course, and termination; and that it is now operating and has for many years operated said ditch for the purposes of supplying lands adjacent to same with water for irrigation purposes; and that the lands that appellant corporation supplies with water for irrigation purposes are part of the lands originally set apart and given by the Spanish government for the use of the inhabitants of the mission of San Juan de Capistrano; and that appellant's said ditch was originally constructed under the authority and control of the Spanish government for the purpose of supplying said lands with water for irrigation purposes. The petition then proceeds at length with allegations tending to show the history of the Spanish government and its purpose in the establishment of missions and the construction of ditches, and the ownership and control of the Spanish government of its water, and the granting to the inhabitants of the missions, in connection with the lands, the use of the water of the San Antonio river for domestic and irrigation purposes equally and proportionately.

It was further alleged that the two ditches referred to were continually used by owners of the lands and that they shared in the use of the water of the San Antonio river for said purposes equally and proportionately; that the owners of the lands watered by the San Juan ditch and the owners of the land watered by the Espada ditch continued to use the waters of said river, sharing proportionately in the use of said waters until 1910, when appellant corporation, which had become the owner of the water rights of the owners of the land supplied with water thereby, commenced unjustly and unreasonably using practically all of the waters of said river, and thus deprived the owners and possessors of said lands that had been supplied with water by said Espada ditch of their just and reasonable share of said waters; and that appellant corporation, during the season of 1910, continued to so unjustly and unreasonably use and consume practically all of the available supply of water furnished by the San Antonio river, and deprived appellees of their just proportion of said waters, causing appellees, respectively, damages, which damages are alleged in detail.

Appellees allege their respective quantities of lands owned and occupied by them, and also allege that the defendant corporation supplies through its ditch with water for irrigation purposes land about equal in acreage to the lands belonging to and possessed by appellees. It was alleged that the lands are situated in the semiarid region of Texas, where there is frequently an insufficient rainfall, and irrigation is necessary to supply this deficiency of rainfall; that the lands were well adapted to agriculture, and to a great extent had always been used for said purpose since the same were granted to the mission of San Francisco de la Espada, and before the wrongful acts of appellant corporation their lands had produced bountiful crops, and had been profitable, and by reason of their deprivation of their share of water the lands would be greatly reduced in productiveness, and reduced in the cash market value to less than one-tenth of what would be their cash market value, if supplied with their just proportion and reasonable share of the waters of the river, and, in fact, would practically be deprived of their market value, if deprived of their just share of the flow of water.

The petition sufficiently described the lands in controversy. It also alleged that the appellant corporation had become the owner, not only of the San Juan ditch, but also of the rights of the owners of the land supplied with water thereby; and further alleged the specific quantity of land owned and occupied by each of them entitled to irrigation, and that appellant corporation is possessed of land about equal in acreage to the land belonging to and possessed by appellees. The petition concludes with the usual prayer for temporary writ of injunction restraining appellant from continuing its unjust acts, and for the said temporary writ of injunction to be made perpetual on final trial.

[1] Appellant has directed most of its objections to the sufficiency of the petition, and submitted a number of assignments of error and propositions thereunder, calling into question its sufficiency upon many different phases. We overrule all such assignments, and hold that the petition has sufficiently pleaded a cause of action. We think the description is also definite enough for the purposes of the injunction.

Appellant also pleaded and asserted a claim to the water by reason of a prior patent, and also claimed a prescriptive right thereto by adverse use of the water for more than 10 years. We do not think this last claim of right has been supported by proof, and it is overruled.

[2] There was introduced in evidence, and agreed to by counsel, a map, made by F. Giraud in 1874, for the purpose of showing the exact location of the San Juan and the Espada ditches, and also for the purpose of showing the various divisions of land, called "suertes," from the two ditches. The map illustrates the subdivisions of land that were intended to be watered from the two ditches. It was agreed that the land indicated on the map is now riparian to the two ditches, and that no land is being watered from either of the two ditches that was not originally included in the land designated by the Spanish government to be watered by the two ditches. Both ditches take the water from the San Antonio river. The water goes into the San Juan ditch from the San Antonio river just below the land belonging to the Southwestern Insane Asylum. The head of the Espada ditch is on the west side of the river a mile, or a mile and a half, below the head of the San Juan ditch, which is on the east side of the river.

For the purpose of indicating appellant's claim to the superior and prior grant of water from the flow of the river through the San Juan ditch, there was offered in evidence, and agreed to, a form of grant, set out in their brief, in which alone is pertinent, among other things, the following language: "In the name of the Mexican nation grants him 1 day of water with its corresponding labor of land at the San Juan Mission." The majority of the grants made by the Mexican government in the San Juan mission field are dated February 5, 1824, though some were made subsequently. Those in Espada mission field were made February 6, 1824; one on the 4th, and quite a number subsequent. The total number of days of water given to the grantees in the San Juan field is exactly the same as that given to the grantees in the Espada field, being 25 days in each instance.

The original grantees of both mission fields used, from date of grants, the water for irrigating their lands concurrently to present time, except from about 1860 to 1875 the use of San Juan ditch was discontinued, as was, for 10 years, the lower part of the Espada ditch, owing to a break in it.

This controversy would, perhaps, never have arisen but for the lessened flow of the San Antonio river in the last few years, and its failure to provide a sufficient flow to fill the said ditches.

While we do not question the power that was vested in the Mexican government to make valid grants of the waters of public streams to individuals that would give exclusive prior right, it has not undertaken to do so in this instance, and there is nothing in the grants that justifies such a construction.

It is not necessary, for the purposes of this case, to go into any lengthy discussion of the purpose of that government to lay out a scheme for irrigating lands in this section. It is sufficient only to say the grants appear to distribute to each one of the parties owning rights on the ditch in common, in the particular field, but not giving a superior right to water in the San Antonio river that would deprive other riparian owners of their proportionate share of the flow of the river, whether similarly situated on another ditch taking water from the river, or having other rights to the waters flowing in San Antonio river. Therefore, whatever right the appellees had to the flow of water is in common with all the others.

[3] We think this case falls under the doctrine announced in Watkins Land Co. v. Clements, 98 Tex. 578, 86 S. W. 733, 70 L. R. A. 964, 107 Am. St. Rep. 653, which gives equal rights to each one of them in the waters of the San Antonio river, but, of course, the use must be reasonable, having a due regard to the rights of others in its use; none having a superior and prior right to its flow. This conclusion, therefore, disposes of all the assignments of error, and they are overruled.

As this is an appeal from a temporary order, the court below has jurisdiction of the case until disposed of finally, but no complaint is made that there was any error in distributing the flow of water between the parties, and the judgment is affirmed.